**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 96-60542
(Summary Calendar)

BOB LAMB,

Plaintiff-Appellant,

versus

JIM EDWARDS; HENRY POTTS;
PAUL KING SHANNON; BUDDY TWITTY;
LEROY MCMILLEN; THE NEW ALBANY
MUNICIPAL AIRPORT BOARD; NEW
ALBANY, MISSISSIPPI; UNION COUNTY,
MISSISSIPPI,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
(3:94-CV-160-S-D)

February 21, 1997

(                  , 1997)

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:*

In the instant appeal, Plaintiff-Appellant Bob Lamb asks us to
reverse the district court's grant of attorney's fees to

---

* Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Defendants-Appellees, pursuant to 42 U.S.C. § 1988, resulting from the Defendants return to district court following our 1995 affirmance of that court's judgment as a matter of law in favor of the Defendants, rejecting all of Lamb's claims.[1] Lamb argues that (1) the Defendants-Appellees should not have been awarded fees for independent counsel when a legal defense was provided by their liability insurance carrier, (2) Defendants-Appellees' motion for attorney's fees was untimely under the Local Rules and the Federal Rules of Civil Procedure, and (3) Lamb's claims were not frivolous, unreasonable, or without foundation, pretermitting Defendants-Appellees' entitlement to attorney's fees under 42 U.S.C. § 1988. Concluding that Lamb's contentions not only lack merit but approach legal frivolousness, we affirm the district court's award of costs, including attorney's fees, and remand the case to the district court to augment its award with additional reasonable attorney's fees and costs incurred by the Defendants-Appellees from the end of the period for which fees were previously awarded through the instant appeal.

We have familiarized ourselves with the underlying litigation,[2] reviewed the record in the instant case, read the district court's Memorandum Opinion Granting Defendants' Motion for Attorney's Fees, and considered the arguments of counsel as fully set forth in their respective appellate briefs. As a result, we

---

[1] Lamb v. Edwards, et al., No. 94-60414, February 8, 1995 (unpublished).

[2] Id.

are firmly convinced that the rendition of the facts and law contained in Lamb's appellate brief mischaracterizes the situation to such an extent that Lamb's appeal closely approaches legal frivolousness and thus sanctionability under Federal Rule of Appellate Procedure 38. In contrast, the arguments and authorities set forth in the appellate brief of Defendants-Appellees and, more importantly, the well-crafted opinion of the district court, accurately and completely portraying the issues involved in the attorney's phase of this litigation and support in full both the propriety of awarding attorney's fees and other direct costs, and the quantum of the fees and costs awarded. Moreover, the methodology employed by the district court faithfully follows the guidance of this court regarding attorney's fees litigation, particularly that embodied in the opinion of our seminal case of <u>Johnson v. Georgia Highway Express, Inc.</u>,[3] and its progeny.

We would, therefore, merely waste judicial resources (as well as paper) if we were to write separately on the merits of this appeal; instead, we adopt in toto the opinion of the district court and append a copy hereto. Our adoption of that opinion includes, inter alia, approval of the court's determination of frivolousness which underpins its award of attorney's fees, its determination of the lodestar amount, and its identification of those legal services that should either be allowed or disallowed in calculating the quantum of its award; and affirmance of the separate judgment of the district court, in its entirety.

---

[3] 488 F.2d 714 (5th Cir. 1974).

3

We nevertheless remand this case once more to the district court for the limited purpose of augmenting its attorney's fees judgment in favor of Defendants-Appellees to compensate them for the additional expenses of attorney's fees and out-of-pocket costs incurred in obtaining the attorney's fees judgment in the district court and defending that judgment in the instant appeal. The district court need not "reinvent the wheel" by gain determining the lodestar amount, modifications thereto, if any, or other such matters preliminary to calculation, but need only multiply the hourly rate already determined by the number of hours appropriately expended by counsel for Defendants-Appellees in obtaining the attorney's fees award and defending that award in the instant appeal. In closing we caution counsel for Lamb against further prolongation of the instant litigation: We shall cast a jaundiced eye on further filings, including, without limitation, a petition for rehearing of this appeal and opposition to or appeals from the award of supplemental attorney's fees and costs by the district court on remand.

AFFIRMED and REMANDED for award of supplemental attorney's fees and costs.